STATE OF VERMONT

SUPERIOR COURT                                               ENVIRONMENTAL DIVISION
Vermont Unit                                                        Docket No. 76-6-13 Vtec

---

J.R. Vinagro Corp. Waste Transporter Application

---

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment (Motion 4)
Filer:          Agency of Natural Resources
Attorney:    Jordan E. Gonda
Filed Date:   December 16, 2013

Response in Opposition filed on 01/22/2014 by Attorney David M. Pocius for Appellant J.P. Vinagro Corp.
Reply filed on 02/20/2014 by Attorney Jordan E. Gonda for Interested Person Agency of Natural Resources

**The motion is DENIED.**

On October 24, 2012, Appellant J.R. Vinagro Corp. (Appellant) applied for a commercial waste hauler permit with the Waste Management and Prevention Division of the Department of Environmental Conservation of the Vermont Agency of Natural Resources (ANR).  In a November 30, 2012 letter, ANR notified Appellant of its intent to deny Appellant's application based on multiple past environmental violations as required by 10 V.S.A. § 6605f(a)(2).  This letter notified Appellant of its opportunity to demonstrate its rehabilitation pursuant to § 6605f(f).  In its December 20, 2012 letter, Appellant asked ANR to reconsider its intent to deny the permit application.  To show rehabilitation, Appellant explained that some of the violations it had disclosed were not actually committed by Appellant and described how Appellant had hired several employees with experience in environmental compliance.  On May 15, 2013, ANR, notified Appellant that it had failed to establish rehabilitation and formally denied the application.  Appellant timely appealed that decision to this Court.

ANR now moves for summary judgment in its favor, asking first that the Court find as a matter of law Appellant was disqualified under 10 V.S.A. § 6605f(a)(2) and second that Appellant failed to establish rehabilitation under § 6605f(f).  Appellant opposes the motion, arguing that a factual dispute exists regarding both issues and therefore ANR is not entitled to summary judgment.

The Court will grant summary judgment to a moving party only if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-

moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

A commercial waste hauler must obtain a permit in order to transport waste within the State of Vermont.  10 V.S.A. § 6607a(a).  If certain disqualifying criteria are met, ANR must deny an application for a waste transportation permit.  10 V.S.A. § 6005f(a).  These disqualifying criteria are separated under the statute into two categories: (1) conviction of any of a list of disqualifying offenses within the 10 years preceding the application[1]; or (2) the "[commission of] more than one violation of environmental: statutes; rules; orders; certifications; or permits, issued by an jurisdiction, which have the potential to significantly harm the public health, public safety or the environment, giving due consideration to the size and scope of the applicant's business operations."  10 V.S.A. § 6605f(a)(2).

An applicant for a permit covered by § 6605f must make certain disclosures.  First, the applicant must disclose "[t]he record of any convictions identified in subsection (a)" within the 10 years prior to the date of the application.  Id. at § 6605f(b)(3).  An applicant must also disclose "all civil and administrative penalties issued against the applicant by any state or federal authority, in the five years immediately preceding the filing of the application, which resulted from a finding of violation or assurance of discontinuance, relating to the collection, transportation, treatment, storage, or disposal of solid waste or hazardous waste by the applicant . . . ."  Id. at § 6605f(b)(4).  Based entirely on these disclosures by Appellant, ANR determined that Appellant, or its principal Joseph R. Vinagro, had committed more than one environmental violation which had the potential to, or had in fact, significantly harmed the public health, public safety, or the environment.  ANR asks this Court to make the same finding on summary judgment.

In appealing an ANR act or decision, a person aggrieved by that act or decision is entitled to a de novo hearing before this Court.  10 V.S.A. § 8504(a), (h).  We cannot, therefore, simply defer to ANR's prior determinations but must rather make our own findings of fact.  If we had sufficient undisputed facts before us to find as a matter of law that Appellant was disqualified by §6605f(a), summary judgment in ANR's favor would be appropriate.  Here, however, Appellant raises several disputes of material fact which prevent the Court from resolving this case on summary judgment.

First, Appellant argues that a material fact is in dispute as to whether Appellant's disclosed violations had the potential to significantly harm the public health, public safety, or the environment, "giving due consideration to the size and scope of the applicant's business

---

[1] These offenses are: murder, kidnapping, gambling, robbery, bribery, extortion, arson, burglary, larceny and embezzlement, forgery and fraud, possession and control of drugs and related offenses, trafficking in alcoholic beverages, the federal Racketeering Influenced and Corrupt Organizations Act, criminal provisions of federal antitrust laws related to solid waste, criminal provisions of any federal or state environmental protection laws or rules relating to solid waste, obstruction of justice, securities fraud, alteration of motor vehicle identification numbers, or the unlawful manufacture, purchase, use, or transfer of firearms.  10 V.S.A. § 6605f(a)(1).  Although ANR focused on part (2) of subsection (a), Appellant's filings appear to mention past criminal convictions under either federal or Rhode Island environmental laws.  (See Caisse Aff. at ¶¶ 12–15, filed Jan. 2, 2014.)  Such a conviction, if within the 10 years prior to the application being filed would seemingly fall under § 6605f(a)(1)(O) ("the criminal provisions of any federal or state environmental protection laws or rules relating to solid waste").

operations."[2] ANR's own guidance document, "Guidance for Background Review Analysis of Environmental Violations Under 10 V.S.A. § 6605f(a)(2)," published August 11, 1999, recognizes that a determination of whether a violation has the potential to significantly harm the environment requires a fact-based case-by-case approach considering the type of waste and type of violation involved. This is not to say, as Appellant suggests, that certain violations do not, by their very nature, have the potential to significantly harm the environment as a matter of law. Here, however, because other facts are in dispute, we need not determine whether Appellant has committed any such violations at this time.

The 1999 ANR Guidance document provides little to no actual guidance on how to interpret the legislative requirement that ANR, or this Court on appeal, give "due consideration to the size and scope of the applicant's business operations." Thus, given the limited record before us we cannot determine that there are sufficient undisputed facts to determine that Appellant's application must be denied based on § 6605f(a)(2).

Furthermore, even assuming Appellant is disqualified under subsection (a), the question of whether an applicant has demonstrated rehabilitation under § 6605f(f) is a fact-specific determination. While ANR found that Appellant had failed to adequately demonstrate rehabilitation, we do not have sufficient undisputed facts before the Court to make that determination on summary judgment.

For the reasons set forth above, ANR's motion for summary judgment is **DENIED**. This matter is set for a one-day merits hearing on May 21, 2014 at the Chittenden County Courthouse in Burlington, VT. Although ANR had moved to have venue for the hearing changed to Barre, VT that motion was rendered moot by the parties' stipulated amended scheduling order, as noted in the Court's December 23, 2013 entry order.

Electronically signed on April 07, 2014 at 09:32 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] Appellant also argues that certain violations that it admits it was required to disclose were not actually "committed" by Appellant because they were imputed to Appellant by law, or because Appellant arguably did not violate the law but simply entered into a consent decree. The Court will not entertain Appellant's attempt to convince the Court that it is not truly responsible for its past violations. We also recognize, as did ANR in its reply, that Appellant refers to certain violations in its summary judgment opposition that it apparently did not disclose as part of its application. These violations can and should be considered in determining whether Appellant is disqualified under subsection (a) and whether Appellant is rehabilitated under subsection (f). Appellant also argues that violations outside of the five year reporting window for civil and administrative penalties (subsection (b)(4)) cannot be considered under § 6605f(a)(2). We find no language in the statute to indicate that consideration of disqualifying environmental violations under subsection (a)(2) is limited to the five years preceding the application.

Notifications:

David M. Pocius (ERN 1492), Attorney for Appellant J.P. Vinagro Corp.

Jordan E. Gonda (ERN 5496), Attorney for Interested Person Agency of Natural Resources